**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE EDUARDO JIMENEZ-ARAUJO, | No. 11-72792 |
| Petitioner, | Agency No. A097-911-262 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013**

Before: SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Jorge Eduardo Jimenez-Araujo, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Jimenez-Araujo testified that he worked on a construction projected awarded to his friend, the son of a government official. He further testified that unsuccessful construction bidders threatened and harmed him because they were upset that they did not win the construction project. The record does not compel the conclusion that these threats or harm, or any future harm Jimenez-Araujo fears, was or will be on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) ("[T]he mere existence of a generalized 'political' motive underlying [the persecutors' actions] is inadequate to establish . . . the proposition that [a petitioner] fears persecution *on account of political opinion, as §101(a)(42) requires."). We reject Jimenez-Araujo's contention that the BIA failed to consider his arguments regarding nexus. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA "does not have to write an exegesis on every contention"). In the absence of a nexus to a protected

ground, Jimenez-Araujo's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Finally, Jimenez-Araujo failed to raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DENIED.**